ANNE M. BEVINGTON (SBN 111320)
TINO X. DO (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
abevington@sjlawcorp.com
tdo@sjlawcorp.com

Attorneys for Plaintiffs, Automotive Industries Pension Trust Fund et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, AUTOMOTIVE INDUSTRIES WELFARE TRUST FUND, AUTOMOTIVE INDUSTRIES APPRENTICESHIP TRAINING TRUST FUND, JAMES H. BENO, Trustee, TOM DILLON, Trustee, STEPHEN J. MACK, Trustee, DON CROSATTO, Trustee, JOHN DI BERNARDO, Trustee, JAMES SCHWANTZ, Trustee, RYAN THIBODEAU, Trustee, and RICH MORALES, Trustee,

Plaintiffs,

vs.

DESOTO CAB COMPANY, INC., a California corporation,

Defendant.

Case No.:

**COMPLAINT**

## PARTIES

1. Plaintiffs Automotive Industries Pension Trust Fund ("Pension Fund"), Automotive Industries Welfare Trust Fund ("Welfare Fund") and Automotive Industries Apprenticeship Training Trust Fund ("Apprenticeship Training Fund"), (collectively hereinafter "the Funds") are multiemployer joint labor-management welfare funds established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 186(c)). Plaintiff Funds maintain their principal office and are administered in Dublin, California. The purpose of the Funds is to provide

pension and welfare related benefits to the eligible employees of employers who contribute to the Funds pursuant to various collective bargaining agreements ("Bargaining Agreements") with local unions affiliated with the Automotive Industries Pension Plan and the Automotive Industries Health and Welfare Plan ("the Plans"). Plaintiffs James H. Beno, Tom Dillon, Stephen J. Mack, Don Crosatto, John DiBernardo, James Schwantz, Ryan Thibodeau and Rich Morales are Trustees of the Funds.

2. At all times relevant, Defendant DeSoto Cab Company, Inc., a California corporation, ("Defendant") was registered to do business in the State of California with its last known principal place of business in the city of San Francisco, California. Defendant is principally engaged in the business of operating a taxicab service within the transportation industry. To this end, Defendant employs machinists covered under the Bargaining Agreement and Trust Agreements by which it is bound, who provide support services to Defendant. The business of Defendant affects commerce within the meaning of Section 301 of the LMRA (29 U.S.C. § 185).

## JURISDICTION

3. Jurisdiction exists in this Court over the claims asserted by the Plaintiff Funds by virtue of ERISA Section 502, 29 U.S.C. § 1132, in that the Plaintiff Funds seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices that violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4. Jurisdiction exists in this Court over all the claims by virtue of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, in that the Plaintiff Funds seek to enforce the terms and conditions of the Bargaining Agreement between the employer and a labor organization.

## VENUE

5. Venue exists in this Court with respect to the claims under ERISA Section 502 (29 U.S.C. § 1132) because Plaintiff Funds are administered in this district, and the breaches under ERISA occurred in this district.

**APPLICABLE LAW**

6. Section 515 of ERISA (29 U.S.C. § 1145) requires employers who are obligated to make contributions to a multiemployer plan do so in accordance with the terms of the Bargaining Agreement.

7. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) provides as follows:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of:
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

8. ERISA Section 502(a)(3) (29 U.S.C. § 1132(a)(3)) authorizes a civil action by the Trustees as ERISA fiduciaries:

> (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or
>
> (B) to obtain other appropriate equitable relief
>
> (i) to redress such violations, or
>
> (ii) to enforce any provision of this title or the terms of the plan.

9. ERISA Section 209 (29 U.S.C. § 1059), recordkeeping and reporting requirements, states in relevant part:

> (a)(1) Except as provided by paragraph (2) every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.

10. The Trustees have a right under ERISA to conduct an audit of a contributing employer's relevant books and records under the terms of the Trust Agreements. *Central States, Southeast and Southwest Areas Pension Fund v Central Transport, Inc.*, 472 US 559 (1985), *reh'g denied* 473 U.S. 926.

**FACTS**

11. At all times relevant to this action, Defendant was a party to and bound by a Bargaining Agreements covering its employees ("Bargaining Agreements"). The Bargaining Agreements requires that Defendant contribute to the Funds at specified rates for each of its eligible employees covered under the Bargaining Agreements.

12. As an employer participating in the Funds, Defendant is bound by the Trust Agreements and establishing the Funds, the terms of the Funds' Plan Documents, and the rules, regulations and policies adopted by the Trustees under the authority of the Trust Agreements.

13. Defendant had both a contractual duty under the Bargaining Agreement and a statutory duty under ERISA Section 515 (29 U.S.C. § 1145) to timely make payment in full of the required contributions due the Funds according to its terms or the terms of the Bargaining Agreement.

14. At all times relevant to this action, under the provisions of the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and the Bargaining Agreement governing Pension, Welfare and Apprenticeship Training contributions due, Defendant was required to timely submit monthly remittance reports of all covered employees, along with contributions owed, to the Funds' principal place of business by the first day of each month following the month in which the covered work was performed.

15. At all times relevant to this action, under the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and the Bargaining Agreements, Pension, Welfare

and Apprenticeship Training contributions received by the Funds after the 20th day of the month following the month in which the covered work was performed are deemed delinquent.

16. At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), the Pension, Welfare and Apprenticeship Training Agreements, and the rules, regulations and policies adopted by the Trustees thereunder, provided that delinquent contributions shall accrue interest at the rate of ten percent (10%) simple interest per annum from the first day of the month following the month in which the delinquent contributions were due through and including the date payment is made.

17. At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), in accordance with the Pension, Welfare and Apprenticeship Training Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, the employer is obligated to pay liquidated damages in the amount of five percent (5%) of the amount of delinquent contributions owed until the matter was referred to the Funds' counsel for collection, and twenty percent (20%) thereafter.

18. At all times relevant to this action in accordance with ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, provided that after the filing of a lawsuit, liquidated damages shall be increased to the greater of (a) the interest on the delinquent contributions, or (b) twenty percent (20%) of the delinquent contributions.

19. At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder provided that in the event of a lawsuit, in addition to the contributions, interest and liquidated damages due to the Funds, the delinquent contributing employer shall pay to the Funds all reasonable attorneys' fees and costs incurred as a result of the litigation.

20. At all times relevant to this action, in accordance with ERISA Section 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E), the Trust Agreements and the rules, regulations and policies adopted by the Trustees thereunder, authorized the Funds to examine and copy such

records of Defendant as may be necessary to determine whether Defendant has made full and prompt payment of all sums due to the Funds.

21. Defendant has failed to make payment in a timely manner and failed to make full payment of contributions due the Funds during the period June 2018 through September 2019, resulting in Defendant's owing delinquent contributions to the Funds, plus interest at 10% per annum on the late paid and unpaid contributions, and liquidated damages assessed at either 5% of late paid contributions, pursuant to paragraph 17, above, and at 20% of the unpaid contributions, or interest, whichever is greater. Defendant is therefore in breach of the Bargaining Agreements between the Funds and Defendant in effect during the above period and thereby breached the terms of the Trust Agreement to which Defendant is bound, and is therefore liable to the Funds for payment of delinquent contributions, liquidated damages, interest and reasonable attorney's fees and costs.

22. Despite numerous demands, Defendant has failed and refused to comply with an audit of its payroll records for the period December 1, 2013 through the present.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 22 above as though fully set forth herein.

24. Defendant as a party to the Bargaining Agreements agreed to be bound by the terms thereof and by the Terms of the Trust Agreements, the rules, regulations and policies adopted by the Trustees thereunder, and Plan documents.

25. Defendant violated ERISA Section 515 (29 U.S.C. § 1145), by failing to timely make payment of contributions and to make payment in full of contributions due to the Funds in accordance with its obligation to do so under the terms of the Bargaining Agreements entered into between the Funds and Defendant and the terms of the Trust Agreements.

///

///

26. Under ERISA Section 502(g)(2)(A) through (E) (29 U.S.C. § 1132(g)(2) (A) through (E)), Defendant is liable for payment of delinquent unpaid contributions, as well as for interest, liquidated damages, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Injunctive Relief Under ERISA Sections 502(a)(3) and 502(g)(2)(E)**

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 – 26 above as though fully set forth herein.

28. Defendant is also liable for payment of any additional delinquent contributions that may be revealed by audit or during discovery or investigation of this matter, and any additional contributions that may become delinquent prior to judgment, plus interest and liquidated damages on any such amounts.

29. Plaintiffs are without adequate remedy at law and the Funds will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the Bargaining Agreement, and the Trust Agreement, including but not limited to allowing the Trust's representative access to those business records of Defendant that the Funds' representative identifies as necessary to conduct an audit, and requiring Defendant to make timely monthly reports and payment to the Funds; is restrained from continuing to refuse to perform as required thereunder; and to pay all contributions, interest, liquidated damages, costs, attorneys' fees and accountants' fees determined to be due Plaintiff Funds.

30. This Court is authorized to issue injunctive relief under ERISA Sections 502(a)(3) (29 U.S.C. § 1132(a)(3)) and 502(g)(2)(E) (29 U.S.C. § 1132(g)(2)(E)). As set forth above, Plaintiffs have a strong likelihood of success on the merits, there is the possibility that the Board of Trustees and the participants will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor Plaintiffs.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Defendant, in favor of the Plaintiffs, in an amount equal to at least:

(a) Any unpaid contributions due the Pension Fund, according to proof, for contributions owed on behalf of covered employees during the period December 1, 2013 through the present, under ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), and the Bargaining Agreement;

(b) Any unpaid contributions due the Welfare Fund, according to proof, for contributions owed on behalf of covered employees during the period December 1, 2013 through the present, under ERISA Section 502(g)(2)(A) (29 U.S.C. § 1132(g)(2)(A)), and the Bargaining Agreement;

(c) Any unpaid contributions due the Apprenticeship Training Fund, according to proof, for contributions owed on behalf of covered employees during the period December 1, 2013 through the present, under ERISA Section 502(g)(2)(A) (29 U.S.C. § 1132(g)(2)(A)), and the Bargaining Agreement;

(d) Interest on any unpaid Pension contributions found to be due during the period December 1, 2013 through the present, at the rates set in accordance with the Bargaining Agreement, the governing documents of the Pension Fund, and ERISA Section 502(g)(2)(B) (29 U.S.C. § 1132(g)(2)(B));

(e) Interest on any unpaid Welfare contributions found to be due during the period December 1, 2013 through the present, at the rates set in accordance with the Bargaining Agreement, the governing documents of the Welfare Fund, and ERISA Section 502(g)(2)(B) (29 U.S.C. § 1132(g)(2)(B));

(f) Interest on any unpaid Apprenticeship Training contributions found to be due during the period December 1, 2013 through the present, at the rates set in accordance with the Bargaining Agreement, the governing documents of the Welfare Fund, and ERISA Section 502(g)(2)(B) (29 U.S.C. § 1132(g)(2)(B));

(g) Under ERISA Section 502(g)(2)(C) (29 U.S.C. § 1132(g)(2)(C)), an award of liquidated damages in an amount equal to the greater of:

(i) Interest on the unpaid contributions, or

(ii) Liquidated damages at 20% of the unpaid contributions found due for the period December 1, 2013 through the present, as provided for under the Bargaining Agreements and the governing documents of the Plans.

(h) Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA Section 502(g)(2)(D) (29 U.S.C. § 1132(g)(2)(D)); reasonable attorneys' fees and costs in accordance with the Trust Agreements and in accordance with LMRA Section 301, 29 U.S.C. § 185, for all Plaintiffs;

2. For an order directed to Defendant, pursuant to the Court's equitable power under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), and under ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), requiring Defendant to perform all obligations required on its part to be performed under its Bargaining Agreements, and the Trust Agreements, including but not limited to

(a) Requiring Defendant to allow the Funds' representative access to those business records of Defendant that the Funds' representative identifies as necessary to conduct an audit for the period December 1, 2013 to the present;

(b) Requiring Defendant to pay all contributions, interest, liquidated damages, costs, attorneys' fees and accountants' fees determined to be due the Funds.

3. That the Court retain jurisdiction of this case pending compliance with its orders; and

4. For such other and further relief as the Court may deem just and proper.

Dated: November 8, 2019

SALTZMAN & JOHNSON LAW CORPORATION

By: /S/
Tino X. Do
Attorneys for Plaintiffs